IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00009-BNB

MATTHEW A. SMITH,

    Plaintiff,

v.

GMAC MORTGAGE,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Matthew A. Smith, initiated this action by filing *pro se* a complaint (ECF No. 1). On February 7, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Smith to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On March 1, 2013, Mr. Smith filed an amended complaint (ECF No. 12).

    The Court must construe the amended complaint liberally because Mr. Smith is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the action will be dismissed.

    The Court has reviewed the amended complaint and finds that the amended

complaint also fails to comply with the pleading requirements of Rule 8. As Mr. Smith was advised, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Construing the amended complaint liberally, it appears that Defendant refused to approve a mortgage refinance or modification to lower Mr. Smith's monthly mortgage payment. According to Mr. Smith, he has been unable to make mortgage payments

and the subject property currently is in a foreclosed status. Mr. Smith specifically contends that he is asserting claims in this action pursuant to 42 U.S.C. § 1983. However, the Court agrees with Magistrate Judge Boland that Mr. Smith fails to provide a short and plain statement of any federal claims or facts showing he is entitled to relief under § 1983.

With the exception of a copy of a housing discrimination complaint Mr. Smith apparently filed against Defendant on February 24, 2013, with the Colorado Department of Regulatory Agencies (DORA) that is attached to the amended complaint (*see* ECF No. 12 at 4-6), the actual claims Mr. Smith is asserting in the amended complaint are identical to the claims he asserted in the original complaint. As Magistrate Judge Boland noted, those claims, which consist of vague references to foreclosure and bankruptcy proceedings, are not sufficient to provide a short and plain statement of his claims showing that he is entitled to relief. Even if the Court considers the substance of the housing discrimination complaint that is attached to the amended complaint as the basis for Mr. Smith's claims in this action, the Court notes that the housing discrimination complaint includes only conclusory allegations of discrimination on the basis of race, sex, and marital status that are not supported by specific factual allegations. In short, despite specific instructions from Magistrate Judge Boland, Mr. Smith does not explain in the amended complaint what Defendant did to him, when Defendant did it, how Defendant's action harmed him, and what specific legal right he believes Defendant violated. *See Nasious*, 492 F.3d at 1163. Therefore, the action will be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 18th day of March, 2013.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court